STIKL, Respondent, vs. DEBOTH and wife, Appellants.

*October 5—November 8, 1950.*

For the appellants there was a brief by *Martin, Clifford, Warne, Duffy & Dewane* of Green Bay, and oral argument by *W. O. Warne.*

For the respondent there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and oral argument by *Robert J. Kaftan.*

BROWN, J.   The action was tried to the court which made findings of fact and conclusions of law in favor of plaintiff. Under familiar principles of law the findings must be sus-

tained unless against the great weight and clear preponderance of the evidence. The only finding material to our decision is that which interpreted the contract as one for compensation at cost plus ten per cent, unlimited by the recitation concerning $2,336, which was found to be only an estimate.

The two written instruments and the floor plan are persuasive in themselves that a rate of pay rather than a fixed or maximum amount is all that the parties actually agreed upon. Both parties knew that the supply, quality, and price of building materials at that time were extremely uncertain and the cost of labor was unstable. The contract does not call for any kind, quantity, or quality of materials nor for any type of construction. The floor plan lacks detail and there is no elevation plan at all. It is not easy to believe that the plaintiff could or would set a definite price on so indefinite a project or that the defendants would agree to pay $2,336 with so little assurance of what they were to get for it. The papers which form the contract, indefinite in all other respects, are definite only in stating that the contractor was to be paid ten per cent above costs for what might be done to carry out the wishes of the owner.

The behavior of the parties as the work progressed adds support to this interpretation. Plaintiff's foreman and Mrs. DeBoth had frequent conferences in which each made suggestions for the improvement of the apartment, materially changing the earlier plans. Thus exterior walls were pushed out to give more floor space, the pitch of the roof was changed to give more headroom, and interior partitions were moved to secure a better arrangement of the rooms. Copper screens and storm windows were added and the apartment was insulated, French doors were substituted for the regular kind, and tile was ordered for the bathroom floor instead of the linoleum first decided upon. Neither party could have expected the plaintiff to absorb the cost of such items and others

of like nature in a fixed-price contract which had not included them or made provision for extras but they would be alterations naturally accepted without question if he was to be paid their cost plus a profit.

Other evidence which seems to us to be quite conclusive is defendants' Exhibit B.

"April 11, 1947

"Mr. & Mrs. Edw. J. DeBoth
"614 Eleventh ave.
"Green Bay, Wisconsin
"Greetings:
"This statement is prepared for the sole purpose of keeping you informed of the expenditures to date. However it does not include all of the bills not received or orders placed to be filled. . . ."

The statement then shows material and labor billed to date amounting to $1,264.13. The parties discussed the statement and Mr. DeBoth wanted to know what outstanding bills there were. Plaintiff, in pencil, added such items which brought the total up to $2,677. The furnishing of the statement and DeBoth's interest in it lacks point unless plaintiff's costs were of concern to the owner.

Defendants say in their brief:

"On or about May 1, 1947, plaintiff called at defendant's home. Defendant was perturbed because of the delay in finishing the job. Plaintiff then informed defendant that the job was going to cost $4,000, so defendants told plaintiff that he had better stop the job as they had a contract for $2,336."

On April 11th the statement with the penciled additions showed the figure of $2,336 had already been exceeded and it was obvious from the unfinished state of the apartment that further substantial costs for labor would be required to complete it. If defendants had thought there was a contract for a fixed sum, they had on April 11th all the essential facts

which they had on May 1st and we might look for the same reaction, yet on April 11th and for more than two weeks afterward, they made no such claim but continued with the work. It is a proper inference that on April 11th they construed the contract as one for cost plus ten per cent and an afterthought was responsible for the position they took on May 1st.

Other testimony supports the learned trial court's finding but we think what has been said is a sufficient base for our conclusion that the judgment must be affirmed. Defendants counterclaimed for the sums they spent in completing the apartment after dismissing the plaintiff but their right to recover them necessarily depends on proving a contract with plaintiff at a fixed price.

*By the Court.*—Judgment affirmed.